# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES GREGORY YORK, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:19-cv-00098 |
| | ) | |
| CITY OF LEWISBURG, TENNESSEE, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
|    Defendants. | ) | |

## MEMORANDUM

Pending before the Court is a Motion for Summary Judgment filed by Defendant City of Lewisburg, Tennessee ("the City"). (Doc. No. 41). Plaintiff James Gregory York ("York") filed a Response in Opposition (Doc. Nos. 73, 75) and the City filed a Reply (Doc. No. 76). For the reasons discussed below, the City's Motion will be **GRANTED** as to York's failure to train and supervise claims regarding the proper use and limitation of force.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2018, York was pulled over by three officers of the Lewisburg Police Department, including Defendant Kylar Gentry ("Gentry"). (Doc. No. 71 ¶¶ 1, 2, 4). During this stop, it was discovered that York's license had expired on October 28, 2018, and had not been renewed. (*Id*. ¶ 3). Gentry told York that he would need to have someone with a valid driver's license come to pick him up and drive York's vehicle. (Doc. No. 73-1 ¶ 7; Doc. No. 44-6 at PageID # 389). York called his son to come pick him up and then got out of his van and leaned against it. (Doc. No. 71 ¶¶ 5, 6).

Gentry approached York and attempted to frisk him by grabbing him by his sides under his arms. (*Id*. ¶¶ 8, 10). York questioned the frisk and tried to prevent Gentry from putting his hands

on him. (*Id*. ¶ 9). A struggle ensued between York and Gentry, which ended with Gentry hitting York in the face so hard that he fell to the ground. (*Id*. ¶ 11). York was arrested and transported to the Marshall County Fail. (*Id*. ¶ 13).

In compliance with Lewisburg Police Department ("LPD") policy, the supervising officer on the scene, Corporal Binkley, compiled Use of Force Reports for the relevant incident. (*Id*. ¶ 14). The City's use of force policies and arrest procedures are made known to LPD Officers through General Orders 4.01, 4.02, and 7.01. (*Id*. ¶ 15). The LPD requires that its officer undergo training at least annually regarding the LPD's use of force policies and related case law updates. (*Id*. ¶ 16). Gentry underwent P.O.S.T. training and certification and completed all required training for the years of 2017, 2018, and 2019. (*Id*. ¶ 17). Over the past ten years, only one other complaint has been made against the LPD or LPD officers based upon alleged use of excessive force or unlawful arrest, but no lawsuit was filed. (*Id*. ¶¶ 18, 19).

On December 20, 2019, York filed suit against the City and Gentry under 42 U.S.C. § 1983. (Doc. No. 1). York alleges that the City failed to properly train and supervise LPD officers regarding good police practices and procedures and the proper use and limitation of force, causing him to suffer deprivation of constitutional rights and other damages. (Doc. No. 35 at PageID # 211, 220-21). On September 3, 2020, the City moved for summary judgment, arguing that York cannot establish municipal liability through failure-to-train or failure-to-supervise theories regarding use of force and proper arrest procedures. (Doc. Nos. 41, 42).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the

Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III.  ANALYSIS

"In order to hold a municipality liable under § 1983, a plaintiff 'must prove that the municipality's policy or custom caused the alleged injury.'" *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 286 (6th Cir. 2020) (quoting *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)). As noted above, York claims that the City's inadequate training and supervision regarding good police practices and procedures and the proper use and limitation of force caused him to suffer deprivation of his constitutional rights and other damages. To succeed on his claims, York must prove: "(1) the training or supervision was inadequate for the tasks

3

performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ouza*, 969 F.3d at 286-87.[1]

Through its pending motion, the City argues that York cannot establish that its training or supervision as to the use of force and proper arrest procedures was inadequate or that the inadequacy of that training and supervision was the result of the City's deliberate indifference. Specifically, the City argues that York cannot show that its training regarding use of force and proper arrest procedures was inadequate because it requires annual training in lawful usage of force, (*see* Doc. No. 44 ¶¶ 3, 5; Doc. Nos. 44-1, 44-3)), provides general orders establishing the proper procedures for lawful usages of force and arrests, (*see* Doc. No. 44 ¶ 4; Doc. No. 44-2), and requires that its procedures be followed. The City argues that York cannot establish a custom, policy, or practice of failing to supervise officers concerning excessive force because General Order 4.02 requires that usages of force be reported and investigated, and such reporting and investigation occurred in the present matter. (Doc. No. 44 ¶¶ 3, 10; Doc. Nos. 44-1, 44-7; Doc. No. 45 ¶¶ 3-4; Doc. No. 45-1; Doc. No. 46 ¶¶ 3-4; Doc. No. 46-1). The City also argues that York cannot establish deliberate indifference because the City has not been put on notice that its training was deficient, there are no prior instances of unconstitutional conduct sufficient to demonstrate that the City has ignored a history of abuse, and it provided particularized training in lawful usage of force. (Doc. No. 42 at 9-12).

---

[1] "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Campbell v. Cheatham Cty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 828 (M.D. Tenn. 2021) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). A plaintiff can show that inadequate training is the product of deliberate indifference if the risk of the constitutional violation is so obvious or foreseeable that it amounts to deliberate indifference for the city to fail to prepare officers for it or by showing that the municipality failed to act in response to repeated complaints of constitutional violations by its officers. *See Ouza*, 969 F.3d 265 at 287.

York filed a response but does not challenge the City's arguments that summary judgment is appropriate on his failure to train and supervise claims regarding the lawful use of force. (*See* Doc. Nos. 73, 75). Instead, York contends that his failure to train claim regarding police practices and procedures for performing a lawful pat down remains because the City has not produced evidence that it provided particularized training regarding what is required for a lawful pat down.[2] In its reply, the City contends that the Second Amended Complaint does not plead a failure to train on initiating a pat down because York exclusively alleges a failure to train and supervise on the proper use and limitation of force. However, the Second Amended Complaint plainly alleges failure to train "in the use of appropriate police practices **_and_** the proper use and limitation of force." (Doc. No. 35 ¶ 47) (emphasis added). York's claim that the City failed to provide training regarding lawful pat downs remains.

As it is undisputed that the City requires annual particularized training in lawful usage of force, established proper procedures for lawful usages of force and arrests, requires that its procedures be followed, and requires that usages of force be reported and investigated, the Court finds that the City is entitled to summary judgment on York's failure to train and supervise claims regarding the proper use and limitation of force.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] According to York, Gentry's non-consensual pat down constituted an unlawful search and seizure in violation of his rights under the Fourth Amendment and resulted in Gentry's initiation of the confrontation in which he broke York's orbital socket and severely injured York's shoulder.

5

Case 1:19-cv-00098   Document 95   Filed 08/19/21   Page 5 of 5 PageID #: 828